**Lowenstein Sandler**

Scott B. McBride
Partner

1251 Avenue of the Americas
New York, New York 10020

**T:** 973-597-6136
**F:** 973-597-2400
**E:** smcbride@lowenstein.com

September 22, 2022

<u>VIA ECF</u>

Hon. Denise L. Cote, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

*Granted.*
*Denise Cote*
*9/26/22*

**Re:** *SEC v. Joanna Lanni*, **Civil No. 22-4736 (DLC)**

Dear Judge Cote:

This firm is counsel to Defendant Joanna Lanni in the above-referenced matter. Pursuant to Your Honor's Section 8(b) Individual Practices, we respectfully submit this Letter Motion for Leave to File Under Seal, seeking permission to file Exhibits 3–6, 9 and 10 (the "Exhibits") to the Declaration of Scott B. McBride, filed concurrently with this Letter Motion, under seal.

The Exhibits contain sensitive, non-public accounting memoranda and other business information belonging to Ms. Lanni's former employer, Synchronoss Technologies, Inc. ("Synchronoss"). These materials were produced by Synchronoss to the Securities and Exchange Commission, the Plaintiff in this action, during the course of a pre-suit investigation.

Courts in this Circuit engage in a three-step inquiry to determine whether the presumptive right to public access attaches to a particular document. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, a court determines whether the document is a "judicial document," meaning that "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. Second, the court must "determine the weight of the presumption of access" attaching to the particular document. *United States v. Erie Cty.*, 763 F.3d 235, 239 (2d Cir. 2014). Third, "after determining the weight of the presumption of access, the court must balance competing considerations against it," such as "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (internal quotation marks and citations omitted).

Here, all three factors weigh in favor of sealing. The Exhibits are confidential documents belonging to Synchronoss, and are not the type of documents (like public SEC filings) that courts consider "judicial documents." *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (citation omitted). Accordingly, they are not entitled to a presumption of public access. *See, e.g.*, *Paravas v. Cerf*, No. 21-CV-7463, 2022 WL 203168, at *2 (S.D.N.Y. Jan. 24, 2022) (permitting an affidavit to be sealed because it was "not a 'judicial document'").

---

September 22, 2022
Page 2

In addition, the private nature of the Exhibits weighs in favor of sealing these materials because they contain "commercially and competitively sensitive nonpublic information." *See, e.g.*, *FTC v. Vyera Pharms., LLC*, No. 20-cv-00706, 2020 WL 5569713, at \*2 (S.D.N.Y. Sept. 17, 2020); *Hesse v. SunGard Sys. Int'l*, No. 12-cv-1990, 2013 WL 174403, at \*2 (S.D.N.Y. Jan. 14, 2013) ("Courts have limited public access to sensitive business information by sealing portions of the record, finding that safeguarding trade secrets can overcome the presumption of access.") (citation omitted). These Exhibits are not otherwise available to the public. *See, e.g.*, *id.*; *see also Rekor Sys. v. Loughlin*, No. 19-cv-7767, 2022 WL 3020148, at \*17 (S.D.N.Y July 29, 2022) ("Financial records of a wholly owned business . . . and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." (citing *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)).

For the foregoing reasons, Ms. Lanni respectfully requests that the Court approves her request to seal the Exhibits.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ Scott B. McBride*
Scott B. McBride
Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, New York 10020
smcbride@lowenstein.com
Tel: (973) 597-6136
Fax: (973) 597-2400

Cc: All counsel of record (via ECF)

34581/2
9/22/22 212316143.2