# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

Jenny Kramer           Direct Dial: 212-210-9420           Email: jenny.kramer@alston.com

September 22, 2022

**VIA ECF**

Hon. Denise L. Cote, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

*Granted.*
*[signature]*
*9/26/22*

       Re:    *S.E.C. v. Rosenberger, et al.*
              Case No. 22-cv-4736-DLC

Dear Judge Cote:

       On behalf of Karen Rosenberger, and in accordance with Section 8(b) of Your Honor's Individual Practices in Civil Cases, we respectfully submit this Letter Motion for Leave to File Under Seal, seeking permission to seal Exhibits 4 – 20 of the Declaration of Jenny Kramer, filed concurrently with this Letter Motion (the "Proposed Sealed Exhibits").

       The Proposed Sealed Exhibits contain sensitive, non-public accounting memoranda and other business information belonging to Synchronoss Technologies, Inc. ("Synchronoss"), Ms. Rosenberger's former employer. These materials were produced by Synchronoss to the Securities and Exchange Commission, Plaintiff in this action, during the course of a pre-suit investigation. The Court should permit the sealing of the Proposed Sealed Exhibits for the following reasons.

       Because the Proposed Sealed Exhibits—which are confidential documents belonging to Synchronoss—are not the type of documents (like public SEC filings) that courts consider "judicial documents," *see Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (citing Fed. R. Evid. 201), they are not entitled to a presumption of public access. *See, e.g., Paravas v. Cerf*, 2022 U.S. Dist. LEXIS 12352, at *4 (S.D.N.Y. Jan. 24, 2022) (permitting an affidavit to be sealed because it was "not a 'judicial document'").

       In addition, the private nature of the Proposed Sealed Exhibits weighs in favor of sealing these materials because they contain "commercially and competitively sensitive nonpublic information." *See, e.g., FTC v. Vyera Pharms., LLC*, 2020 U.S. Dist. LEXIS 170592, at *6-7 (S.D.N.Y. Sept. 17, 2020). These documents are not otherwise available to the public. *See, e.g., id.; see also Rekor Sys. v. Loughlin*, 2022 U.S. Dist. LEXIS 135276, at *56 (S.D.N.Y July 29, 2022) ("Financial records of a wholly owned business . . . and

September 22, 2022
Hon. Denise L. Cote
Page 2

similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." (citing *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)).

For the foregoing reasons, Ms. Rosenberger respectfully requests that the Court approve Ms. Rosenberger's request to seal the Proposed Sealed Exhibits.

We appreciate Your Honor's attention to this request.

Respectfully submitted,

*/s/ Jenny Kramer*

Jenny Kramer
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
(212) 210-9420
Jenny.Kramer@alston.com

Cc: All counsel of record (via ECF)