UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

    -against-

KAREN ROSENBERGER and JOANNA
LANNI,

                **Defendants.**

22 Civ. 4736 (DLC) (SLC)

[PROPOSED]
PROTECTIVE ORDER

DENISE L. COTE, U.S.D.J.

       The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

       ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

       1.     Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, and other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom) that is designated as "Confidential" pursuant

Case 1:22-cv-04736-DLC   Document 50-1   Filed 10/11/22   Page 2 of 11

to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.  The person producing any given Discovery Material may designate as Confidential only such portion of such material that she or he determines in good faith consists of confidential trade secrets, research, development, marketing, personnel, financial, competitive, commercial, personal, private, or such other sensitive commercial or personal information that is not publicly available.

3.  The designation "Confidential" shall not be applied to, and the restrictions and obligations set forth in this Protective Order shall not apply to, any information or document that: (i) is already public knowledge or otherwise in the public domain; (ii) has become public knowledge or enters the public domain other than as a result of disclosure by a receiving party, its employees, or agents in violation of this Protective Order; (iii) has come or shall come into a receiving party's legitimate possession independently of the party or person seeking to designate information or documents as confidential in this action; or (iv) has come into a receiving party's legitimate possession prior to entry of this Protective Order.

4.  With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. Deposition transcripts, or portions thereof, and deposition exhibits may be designated as "Confidential" by any party to this Action or by the deponent either (i) on the record, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter, or (ii) by written notice to all counsel

of record within fourteen days after the party wishing to make the designation receives the transcript. If no portions of the transcript and/or deposition exhibits are designated as "Confidential" during the deposition or within fourteen days of receiving the transcript, the transcript and/or deposition exhibits shall be considered not to contain any "Confidential" information. Counsel for each party shall be responsible for marking any designated portions of copies of the transcript and/or deposition exhibits in their possession with a confidentiality legend if written notice is timely provided.

5. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

6. Subject to the provisions of ¶¶ 18 and 20 of this Order, documents designated Confidential under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified for any purpose whatsoever other than to prepare for and conduct discovery, prepare and respond to motions, and prepare for and conduct any hearings or trial in this action, including any appeal thereof. The restrictions set out in this Protective Order shall not apply to copies of documents or information contained in documents that any party obtained or obtains independently of documents designated Confidential.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    (a)    the parties to this action;

3

(b)  counsel representing the parties in this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)  any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)  any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)  outside vendors who perform litigation services including, but not limited to, computer database preparation, document coding, or image scanning in connection with this action, but only for so long as necessary to perform those services;

(g)  stenographers engaged to transcribe depositions conducted in this action; and

(h)  the Court and its support personnel.

8.  Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d) or 7(e) above, counsel sharing the Discovery Material with that person shall provide that person with a copy of this Protective Order, and that person and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel prior to such person being permitted to testify (at deposition or trial).

9.  If any party wishes to file with the Court an opposing party's or a non-party's

4

Confidential Discovery Material, such Discovery Material shall be filed provisionally under seal or redacted pursuant to Rule 8(B) of the Court's Individual Practices in Civil Cases. The party whose Confidential Discovery Material is filed shall have five (5) days from the filing to request that all or a portion of the filed Confidential Discovery Material remain under seal, and any response to such motion shall be filed within five (5) days thereafter. Any Confidential Discovery Material provisionally filed, and which no party has timely requested to remain under seal, shall be unsealed by the Court. In the event any or all of the parties move for summary judgment, the parties may, in lieu of the preceding timetable, propose a consolidated sealing motion schedule as to any filed Confidential Discovery Material within three business days after the motions for summary judgment are fully briefed.

10. Any party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, any party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

11. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed in accordance with the provisions of Rule 8(B) of the Court's Individual Practices in Civil Cases, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

18.     This Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed except to the extent that, with regard to any documents in the possession of Plaintiff Securities and Exchange Commission ("Commission"), the Commission or its staff determines that it needs to retain such documents to fulfill its record-keeping obligations, its obligations under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, and the applicable rules and regulations promulgated thereunder, or to carry out any permitted uses under Commission Form 1662. *See* https://www.sec.gov/about/forms/sec1662.pdf

19.     Documents not designated as "Confidential" but produced to the Commission by any person or entity and bearing the language "Requests That These Documents Be Accorded Confidential Treatment" or "Confidential Treatment Requested By," shall be used by any defendant solely for use in connection with this action. Such documents are not, however, subject to the other restrictions imposed upon those documents designated as "Confidential."

20.     Nothing in this Protective Order shall be construed to have any effect on the obligations of the Commission under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, or to limit or restrict the Commission from using or disclosing any materials to the extent otherwise required by law or permitted pursuant to the terms of Commission Form 1662.

21.     The term "Privacy Information" shall mean documents containing an individual's mailing address, telephone number, email address, social security number or taxpayer identification number (other than only the last four digits thereof), an individual's birth date (other than only the year of the individual's birth), the name of an individual known to be a

7

minor (other than only the minor's initials), or a financial account number (other than only last four digits thereof), regardless of whether such information has been designated as "Confidential." With regard to Privacy Information that any party has obtained in this case through production of documents, other discovery, or otherwise under Fed. R. Civ. P. 26(a), that party will not disclose or use such Privacy Information other than for purposes of litigating this case, subject to the following exceptions:

(a) The Order shall not limit or restrict the Commission from using or disclosing Privacy Information to the extent otherwise required by law or permitted pursuant to the terms of Commission Form 1662;

(b) The Order shall not apply to Privacy Information that any party obtained or obtains independently of materials produced or provided to it in this case;

(c) The Order shall not limit or restrict the ability to file Privacy Information in this case, or present, disclose, or use Privacy Information at trial, depositions, hearings or other proceedings in this case, subject to paragraph 21(d) below.

(d) The Order shall not alter the parties' obligations to comply with the requirements of Fed. R. Civ. P. 5.2 and Local Civil Rules 5.2(a) and (b), or the Court's Individual Practices in Civil Cases.

22. Nothing in this Order operates to create an admission by any party that any material disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all material disclosed, in accordance with applicable law and Court rules.

23. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated Confidential by counsel or the parties is subject to protection under Rule 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

24. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof, and this Order shall take effect when entered and shall be binding upon the parties, their counsel, and persons made subject to this Order by its terms.

25. This Order may be modified by further order of the Court and is without prejudice to the rights of any party or any non-party subject to discovery in this action to move for relief from any of its provisions, or different or additional protection for any particular Discovery Material.

**STIPULATED AND AGREED BY**:

Dated: New York, NY
October 11, 2022

/s/Richard G. Primoff
Richard G. Primoff
Lindsay S. Moilanen
Theresa H. Gue
SECURITIES AND EXCHANGE
 COMMISSION
New York Regional Office
100 Pearl Street
New York, NY 10004-2616
(212) 336-0148 (Primoff)
primoffr@sec.gov

So ordered.

*[signature]*
10/18/22

9