

| | Scott B. McBride<br>Partner | 1251 Avenue of the Americas<br>New York, New York 10020 |
|---|---|---|
| | | T: 973-597-6136<br>F: 973-597-2400<br>E: smcbride@lowenstein.com |

August 18, 2023

<u>VIA ECF</u>

Hon. Denise L. Cote, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:    *SEC v. Joanna Lanni*, Civil No. 22-4736 (DLC)**

Dear Judge Cote:

    This firm is counsel to Defendant Joanna Lanni ("Ms. Lanni") in the above-referenced matter. Pursuant to Section 8(b) of Your Honor's Individual Practices, we respectfully submit this Letter-Motion seeking leave to file under seal Exhibit 39 ("the Exhibit") to the Certification of Scott B. McBride in Support of Defendant Joanna Lanni's Motion for Summary Judgment, filed concurrently with this Letter-Motion.

    The Exhibit is composed of true and correct excerpts from the AT&T phone records associated with Ms. Lanni's personal cellphone, produced in response to a subpoena to produce served by Ms. Lanni. Consequently, the Exhibit contains not only records of calls placed by Ms. Lanni, but her private cellphone number.

    A rebuttable presumption of public access attaches to judicial documents in the United States. *See Mirlis v. Greer*, 952 F.3d 51, 58–59 (2d Cir. 2020). In determining whether that presumption attaches to a particular record, courts in the Second Circuit engage in a three-step inquiry. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119–20 (2d Cir. 2006). First, the court assesses whether the record at issue is a "judicial document." *Mirlis*, 952 F.3d at 59. "[A] judicial document is one that has been placed before the court by the parties and that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Second, the court must "determine the weight of the presumption of access" attaching to the document at issue. *United States v. Erie Cnty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014). The weight to be accorded is dictated "by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Mirlis*, 952 F.3d at 59 (citation omitted). Lastly, "after determining the weight of the presumption of access, the court must balance competing considerations against it." *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted). Competing considerations include, but are not limited to, "the privacy interests of those resisting disclosure." *Id.*

---

NEW YORK    PALO ALTO    NEW JERSEY    UTAH    WASHINGTON, D.C.    Lowenstein Sandler LLP

Hon. Denise L. Cote, U.S.D.J.  August 18, 2023
Page 2

      In this case, the above factors weigh in favor of partially sealing the Exhibit. Although the Exhibit is a judicial document, courts consider personal cellphone numbers akin to "personal identification information." *See, e.g., Valassis Commc'n, Inc. v. News Corp.*, No. 17-7378, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020); *AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 17-0598, 2021 WL 776701, at *10 (N.D.N.Y. Mar. 1, 2021); *Palomo v. DeMaio*, No. 15-1536, 2018 WL 5113133, at *2 (N.D.N.Y. Oct. 19, 2018). Moreover, at least one court in the Southern District of New York has recognized that the privacy interests of individuals in their cellphone numbers "outweighs the presumption of public access." *Valassis Commc'n*, 2020 WL 2190708, at *4. Ms. Lanni submits that her proposed redactions to the Exhibit are narrowly tailored to preserve her personal privacy interests and the public's right to access judicial documents. Only her personal cellphone number, which does not fall under the presumption of public access, *see AngioDynamics, Inc.*, 2021 WL 776701, at *10, has been removed from public view. Accordingly, the Court should grant this Letter-Motion to seal Exhibit 39.

      We thank the Court for its consideration of this matter.

Respectfully submitted,

Granted.
*Denise Cote*
8/22/23

/s/ Scott B. McBride
Scott B. McBride
Lowenstein Sandler LLP
1251 Avenue of the Americas
New York, New York 10020
smcbride@lowenstein.com
Tel: (973) 597-6136
Fax: (973) 597-2400

cc: All counsel of record (via ECF)

34581/2
8/18/23 212316143.2

