```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
SECURITIES AND EXCHANGE COMMISSION,     :
                                        :
                            Plaintiff,  :   22cv4736 (DLC)
                                        :
                -v-                     :   MEMORANDUM OPINION
                                        :       AND ORDER
KAREN ROSENBERGER and JOANNA LANNI,     :
                                        :
                            Defendants. :
                                        :
----------------------------------------X
```

APPEARANCES:

For plaintiff Securities and Exchange Commission:
Richard G. Primoff
Hayden M. Brockett
Theresa H. Gue
U.S. Securities and Exchange Commission
100 Pearl Street, Suite 20-100
New York, NY 10004

For defendant Karen Rosenberger:
Jenny Rebecca Kramer
Rachel Finkel
Alston & Bird, LLP
90 Park Avenue
New York, NY 10016

Andrew Hachett
Alston & Bird, LLP
1201 West Peachtree Street
Atlanta, GA 30309

DENISE COTE, District Judge:

On February 9, 2024, defendant Karen Rosenberger ("Rosenberger") filed a motion for reconsideration of a portion of this Court's January 26 Opinion granting the Securities and Exchange Commission's ("SEC") motion for partial summary

judgment. S.E.C. v. Rosenberger, et. al, No. 22cv4736(DLC), 2024 WL 308198 (S.D.N.Y. Jan. 26, 2024). Her motion became fully submitted on March 18.

As relevant here, the January 26 Opinion granted the SEC's request for reimbursement under § 304 of the Sarbanes-Oxley Act. Id. at *20. The Court ordered Rosenberger to reimburse her former employer, Synchronoss Technologies, Inc. (the "Company"), for the value of 4,148 shares of the Company's stock based on its price as of the date she received the shares. Id. In her motion for reconsideration, Rosenberger requests that she be permitted to reimburse the Company by returning the same volume of shares to the Company in kind or by paying the Company the cash equivalent value as of the date of the January 26 Opinion.

The standard for granting a motion for reconsideration is "strict." Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surv., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A party may . . . obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear

2

error or prevent manifest injustice." Cho, 991 F.3d at 170. The decision to grant or deny the motion for reconsideration rests within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Rosenberger's argument for reconsideration fails. She has not identified any evidence or argument that the Court has overlooked. Her memorandum in opposition to the SEC's motion for partial summary judgment included one brief paragraph addressed to the SEC's reimbursement calculations. She did not cite any legal authority when arguing for a reduction in the reimbursement amount. She argued only that she was being required to pay $150,000 more than would be required if the Court used the formula adopted in the settlement agreement between the SEC and Synchronoss's former CEO. But the terms of a settlement do not provide a reasoned or binding metric for calculating the reimbursement amount owed under 15 U.S.C. § 7243(a).

Nor does Rosenberger's motion of reconsideration contend that there has been a change in the law or newly discovered evidence. Instead, she presents an entirely new argument about a Rule 10b5-1 trading plan that existed in 2016. She did not submit that plan to the Court in opposing the motion for partial

summary judgment and does not even do so now. As the SEC points out, § E.1(a) of the plan upon which it assumes she is relying in seeking reconsideration makes clear that the plan is non-binding. It is an agreement with her broker which gave her a right to terminate the plan "at any time." In her reply, Rosenberger abandons reliance on the plan.

At its heart, Rosenberger's motion for reconsideration reflects her regret that she did not present a better developed argument in opposing the SEC's calculation of the amounts she owes in reimbursement. Such a regret is not a basis for reconsideration and the Court declines to grant this motion.

## Conclusion

Rosenberger's February 9, 2024 motion for reconsideration is denied.

Dated:    New York, New York
          March 26, 2024

                                              _____
                                                   DENISE COTE
                                       United States District Judge